UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH ARRAJ,           )
        Plaintiff   )
                         )
v.                       )   CIVIL ACTION NO.
                         )
US FISH AND WILDLIFE SERVICE,   )
        Defendant   )

## COMPLAINT
## AND CLAIM FOR JURY TRIAL

### THE PARTIES

1. The Plaintiff, Deborah Arraj is an individual residing in Newburyport, County of Essex, Massachusetts.

2. The Defendant, US Fish and Wildlife Service is a US government agency in control of Parker River National Wildlife Refuge in Newburyport, County of Essex, Massachusetts.

### JURISDICTION AND VENUE

3. The Plaintiff, Deborah Arraj is a citizen of the Commonwealth of Massachusetts.

4. The Defendant, US Fish and Wildlife Service is a US government agency in control of Parker River National Wildlife Refuge in Newburyport, Massachusetts.

5. Jurisdiction is proper under 28 U.S.C. § 1331 and conferred by 28 U.S.C. § 1346(b)(1). The Defendant, US Fish and Wildlife Service is a US government agency in control of Parker River National Wildlife Refuge in Newburyport, County of Essex, Massachusetts.

6. Notice of Claim was sent under the Federal Tort Claims Act as required by 28 U.S.C. § 2675. Plaintiff's claim was denied.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(e) because the events giving rise to the claims asserted herein took place in Newburyport, Massachusetts in this Judicial District.

## FACTS

8. The Defendant, US Fish and Wildlife Service at all times material hereto charged a fee for entry into the Parker River National Wildlife Refuge.

9. On May 24, 2012, Plaintiff Deborah Arraj was lawfully on Parker River National Wildlife Refuge ("Parker River NWR") owned / controlled by Defendant, US Fish and Wildlife Service.

10. The Defendant caused to be erected a rope barrier to restrict vehicle parking at certain designated parking areas along Sunset Drive at the Parker River NWR.

11. The rope barrier consisted of a rope strung out on a line parallel to the line of travel, held up at intervals by a metal pole.

12. While in the process of due care riding a bicycle, Ms. Arraj became entangled with a rope displayed by the Defendant, causing her to fall and sustain severe injuries.

## NEGLIGENCE

13. The Defendant, US Fish and Wildlife Service negligently and carelessly erected a rope 'barrier' that contained no markings to distinguish or highlight the rope.

14. The barrier was not erected so as to safely and effectively be visible to persons on bicycles and alert them to the danger of becoming entangled.

15. The Defendant's roadway otherwise known as Sunset Drive had no differentiated or marked bicycle lane and provided for travel in two directions.

16. As a result of said negligence, the Plaintiff sustained injury and was caused to incur expenses for her medical care and treatment and she was otherwise damaged.

WHEREFORE, Plaintiff, Deborah Arraj demands judgment against Defendant, US Fish and Wildlife Service in an amount that this Honorable Court deems reasonable plus interest, costs and such other relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

                                                         The Plaintiff,
                                                         Deborah Arraj
                                                         By her Attorney,

                                                         /s/ David E. Hoyt
                                                         _____
                                                         David E. Hoyt, Esq., BBO # 242740
                                                         Law Office of David E. Hoyt, PC
                                                         339 Main Street, Suite 501
                                                         Worcester, MA 01608
                                                         lawhoyt@aol.com
Dated:   May 30, 2013                              Tel. (508) 767-1113